**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE MURRAY, | Case No.: 3:25-cv-00123-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| KENNETH WILLIAMS, et al., | Re: ECF No. 40 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff filed a document titled "judicial notice" However, the filing actually seeks injunctive relief, and the court will construe it as such. (ECF No. 40.) Defendants filed a response. (ECF No. 43.)

After a thorough review, it is recommended that Plaintiff's request (ECF No. 40) be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The court screened Plaintiff's complaint and allowed him to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Benson, Dr. Voss, Dr. Bijjula, Dr. Williams, Director of Nursing (DON) Lucas, DON Isaacson, Brendal, John Doe 1 (when Plaintiff learns his or her identity), Medekith, Kris, and John Doe 2 (when Plaintiff learns his or her identity).

Plaintiff's complaint alleges that he suffers from two types of blood cancer that require regular testing of his platelet count. He avers that Defendants did not implement procedures to ensure his platelet count would not spike, and when it did, they did not provide treatment to reduce his platelet count or ignored his requests for treatment. He also alleges that he was prescribed Boost to help maintain his weight, but Dr. Williams instituted a policy prohibiting prescription protein drinks above a certain BMI level.

In his "judicial notice" filing, Plaintiff asserts that when he saw his oncologist on May 20, 2025, the doctor added Hydroxyurea three times a week to help lower Plaintiff's blood levels, but NDOC is not following his oncologist's orders. Plaintiff also mentions that the oncologist ordered Plaintiff to be on Boost on a regular basis (twice a day), and nothing has been done. Plaintiff asks the court to order NDOC medical to follow his oncologist's orders. (ECF No. 40.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

### III. DISCUSSION

Plaintiff has not demonstrated a likelihood of success on the merits, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor or that an injunction is in the public interest.

To support his request, Plaintiff includes two medical kites where Plaintiff contends that NDOC medical providers are not following his oncologist's orders, but he does not provide the court with medical records establishing what the oncologist has ordered, or NDOC medical records reflecting what treatment has been provided.

Defendants provide a declaration of Nurse Christy Coss that addresses the issues raised in Plaintiff's filing. According to Nurse Coss, Plaintiff was prescribed Jakafi, an oral chemotherapy medication, to treat his blood cancers. (Coss Decl., ECF No. 43-1 ¶ 6.) In June 2025, his Jakafi dosage was increased. (*Id*. ¶ 7.) Plaintiff saw his oncologist, Dr. Bijjula, on August 7, 2025, and Dr. Bijjula ordered that Plaintiff add Hydroxyurea three times a week until his platelet count drops to 450 or lower. (*Id*. ¶ 8.) Plaintiff had previously been switched from Hydroxyurea to Jakafi due to adverse side effects from Hydroxyurea, and Dr. Bijjula previously said that Plaintiff could not take both medications. (*Id*. ¶ 9.) Medical staff at Northern Nevada Correctional Center (NNCC) contacted Dr. Bijjula's office for clarification of the orders, but did not receive a response. (*Id*. ¶¶ 10, 11.) Plaintiff saw Dr. Bijjula for a follow up on September 26, 2025, and Dr. Bijjula reissued the order for Hydroxyurea three times a week, and NNCC medical staff filled the prescription. (*Id*. ¶ 12.) Hydroxyurea will be administered three times a week until Plaintiff's platelet count hits the target of 450 or lower. (*Id*. ¶ 13.)

In sum, Plaintiff appears to be receiving the chemotherapy medication as ordered by his oncologist, so his request for injunctive relief is moot in that regard.

With respect to the Boost shakes, Nurse Coss states that Plaintiff receives a double portion, high protein diet as an alternative, as Boost shakes merely provide nutrients and additional protein, and there is no clinical difference between the high protein diet and the Boost shakes. (*Id*. ¶¶ 15-18.)

At this point, Plaintiff has not demonstrated the difference of opinion between the oncologist and NNCC medical providers to provide a double portion, high protein diet instead of Boost shakes is "medically unacceptable under the circumstances." *See Snow v. McDaniel*, 681 F.3d 967, 987-88 (9th Cir. 2012) (citation omitted, *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)). For example, Plaintiff does not assert that placing him on the alternative option of a double portion, high protein diet is not meeting his nutritional needs, or is not allowing him to maintain his weight. Nor does he provide an order or opinion from his oncologist that the alternative being provided is insufficient to meet Plaintiff's medical needs. Plaintiff merely states that he is not being given Boost.

Under these circumstances, Plaintiff's request for injunctive relief should be denied.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's request for injunctive relief (ECF No. 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

///

///

///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 22, 2025

_____
Craig S. Denney
United States Magistrate Judge