UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE MURRAY, | Case No.: 3:25-cv-00123-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| KENNETH WILLIAMS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Steve Murray, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"), filed a civil rights complaint under 42 U.S.C. § 1983 against Dr. Benson, Dr. Voss, Dr. Bijjula, Dr. Williams, Director of Nursing ("DON") Lucas, DON Isaacson, Brendal, John Doe 1 (when his or her identity is learned), Medekith, Kris, and John Doe 2 (when his or her identity is learned) for prison officials' failure to implement procedures to regulate and treat Murray's blood cancer. (ECF Nos. 1, 1-1, 6.) The Court allowed him to proceed on Eighth Amendment deliberate indifference to serious medical needs claims. (ECF No. 5 ("Screening Order").) Murray subsequently filed a motion for temporary restraining order ("TRO") and/or preliminary injunction ("PI") asserting inadequate treatment by prison medical personnel for his blood cancer and seeking an order that he be scheduled for an appointment with an oncologist and permitted to undergo regular phlebotomies until his cancer returns to remission. (ECF Nos. 10, 11; *see also* ECF No. 28 at 3.) The Court denied Murray's motions for TRO and PI because he has been receiving regular treatment from his oncologist, Dr. Bijjula. (ECF No. 30.) Murray then filed a document entitled "judicial notice" (ECF No. 40), which the Court construes as a request for injunctive relief, requesting the Court order NDOC medical personnel to comply with his oncologist's orders—specifically, that Murray be administered

Hydroxyurea, a chemotherapy medication, and Boost protein shakes, a ready-to-drink nutritional beverage, to regulate his blood levels.[1] Now, before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 45), recommending the Court deny Murray's request. (ECF No. 45 at 1, 3-5.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends the Court deny Murray's request because he has not satisfied the requirements for injunctive relief.[2] (ECF No. 45 at 3.) There is insufficient evidence to support Murray's claim that NDOC medical staff are failing to comply with his oncologist's orders. (*Id.*) Defendants have provided evidence confirming that Dr. Bijjula prescribed Hydroxyurea three times weekly, which Murray is receiving as directed. (*Id.* at 4.) As to the Boost shakes, Murray receives a double-portion, high-protein diet that provides the same nutritional benefits as Boost—a commercial beverage. (*Id.* at 4-5.) As Judge Denney points out, Murray fails to provide evidence showing that the alternate protein-based diet administered by NDOC medical providers is "medically unacceptable under the circumstances." (*Id.* at 5); *see also Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted). Having reviewed the R&R, Judge Denney did not clearly err.

---

[1]Defendants filed a response. (ECF No. 43.)

[2]A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for preliminary injunctive relief, a plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 45) is accepted and adopted in full.

It is further ordered that Murray's request for injunctive relief (ECF No. 40) is denied.

DATED THIS 7th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE