UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE MURRAY,<br><br>                    Plaintiff,<br><br>        v.<br><br>KENNETH WILLIAMS, *et al.*,<br><br>                    Defendants. | Case No.: 3:25-cv-00123-MMD-CSD<br><br>ORDER |

## I.   SUMMARY

*Pro se* Plaintiff Steve Murray, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center, filed a civil rights complaint under 42 U.S.C. § 1983 against Dr. Benson, Dr. Voss, Dr. Ragneel Bijjula, Dr. Williams, Director of Nursing ("DON") Lucas, DON Isaacson, Brendal, John Doe 1 (when his or her identity is learned), Medekith, Kris, and John Doe 2 (when his or her identity is learned) for prison officials' failure to implement procedures to regulate and treat Murray's blood cancer. (ECF Nos. 1, 1-1, 6 ("Complaint").) The Court allowed him to proceed on Eighth Amendment deliberate indifference to serious medical needs claims. (ECF No. 5 ("Screening Order").) Previously, the Court denied Murray's motion for temporary restraining order and/or preliminary injunction (ECF Nos. 10, 11), in which he alleged inadequate treatment by prison medical staff for his blood cancer and sought an order requiring oncology appointments and regular phlebotomies until remission. (ECF No. 30; *see also* ECF No. 28 at 3.) The Court based its denial on evidence that Murray was already receiving regular care from his oncologist, Dr. Bijjula. (*See id.*) Murray then filed a document entitled "judicial notice" (ECF No. 40), which the Court construed as a request for injunctive relief, seeking an order directing NDOC medical staff to follow the oncologist's orders—i.e., to administer Hydroxyurea and

provide Boost protein shakes to regulate Murray's blood levels. On November 7, 2025, the Court denied the request, finding insufficient evidence that NDOC staff were failing to comply with those orders. (ECF No. 48.)

Now, before the Court is specially appearing Defendant Dr. Bijjula's motion to dismiss or, in the alternative, motion to quash service of process (ECF No. 61)[1] and United States Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R") (ECF No. 70), recommending the Court deny the motion to dismiss and deny the motion to quash as untimely. (ECF No. 70 at 1, 7.) Alternatively, the Magistrate Judge recommends that, if the Court declines to deny the motion to quash as untimely, then the Court should deny the motion to dismiss, grant the motion to quash, and extend the time for Plaintiff to complete service of process. (*Id.*) Dr. Bijjula timely objects (ECF No. 73 ("Objection")) to the R&R. As further explained below, the Court adopts the R&R in part and rejects it in part. Because the Court finds service of process was defective, the Court will deny Defendant's motion to dismiss, grant Defendant's alternative motion to quash service, and extend the time for Plaintiff to effectuate proper service.

## II.    RELEVANT BACKGROUND

The following brief facts are taken from the R&R and adapted from the Complaint. After screening the Complaint, the Court stayed this action for participation in the inmate mediation program. (ECF No. 70 at 1.) Following mediation, the stay was lifted, and the Court directed the United States Marshal to effect service on Defendant Dr. Bijjula at the address provided under seal by the Nevada Attorney General's Office. (*Id.* at 1-2.) The address provided was Dr. Bijjula's business address.[2] (*Id.* at 2; ECF No. 34.)

On October 6, 2025, an executed summons return was filed on the docket, indicating that the summons and complaint had been served on October 3, 2025 and that service was accepted by "Francine Diaz, lead admin." (ECF No. 38.) The return further

---

[1]Murray opposed (ECF No. 63), and Dr. Bijjula replied (ECF No. 67).

[2]The Court notes that Dr. Bijjula's address filed under seal appears to correspond to Dr. Bijjula's medical office. (ECF No. 34.)

2

indicated that the summons and complaint were left with "a person of suitable age and discretion then residing in defendant's usual place of abode." (*Id.*)

On February 10, 2026, Dr. Bijjula, specially appearing, filed a motion to dismiss or, in the alternative, motion to quash service of process as defective. (ECF No. 61.) Dr. Bijjula declared that the address where service was attempted was his place of business, not his "usual place of abode," and both he and Ms. Diaz declared that Ms. Diaz was not authorized to accept service on his behalf.[3] (ECF Nos. 61-1, 61-2.) Murray opposed the motion and requested additional time to effectuate service if the Court found service to be defective. (ECF No. 63.)

The Magistrate Judge recommends denying the motion to quash service as untimely because, under Federal Rule of Civil Procedure 12(a)(1), "an answer or other responsive pleading was due no later than October 24, 2025," and, here, no answer or motion to dismiss or quash was filed by this deadline. (ECF No. 70 at 2.) Dr. Bijjula objects, arguing that the Magistrate Judge erred in concluding that his motion challenging service was "untimely." (ECF No. 73 at 3.) He further contends that service was defective and requests that the Court reject the R&R in part, quash service, and dismiss the claims against him. (*Id.* at 5.)

### III.    DISCUSSION[4]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's R&R, the Court must "make a *de novo* determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus *de novo* because Dr. Bijjula filed his Objection (ECF No. 73). First, the

---

[3]Ms. Diaz further declares that she did not represent to the Marshal that she was authorized to accept service on Dr. Bijjula's behalf and that she merely accepted the documents handed to her. (ECF No. 61-1.)

[4]The Court incorporates by reference Judge Denney's description of the background of the case and recitation of pertinent allegations in the Complaint, provided in the R&R. (ECF No. 70 at 1-2.)

Court addresses service of process, which is a threshold question bearing on personal jurisdiction.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 12(b)(5) permits a defendant to move to dismiss an action where service of process was insufficient. *See* Fed. R. Civ. P. 12(b)(5). Where service is insufficient, the district court has discretion to dismiss the action or quash service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

Rule 4(e)(1) allows, in pertinent part, for service consistent with state law. Fed. R. Civ. P. 4(e)(1). Under Nevada law, service may be made on an individual through any one of the following: "(1) by delivering a copy of the summons and complaint to the individual personally; (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Nev. R. Civ. P. 4.2(a)[5].

Here, Defendant has established that process was not proper.[6] The summons and complaint were not served on Dr. Bijjula personally. The summons returned further reflects that service occurred at Dr. Bijjula's place of business and not at his "dwelling or usual place of abode." (ECF Nos. 38, 34.) Moreover, the summons returned along with the sworn declarations indicate that Ms. Diaz, an administrative employee, was served

---

[5]The Court notes that Nev. R. Civ. P. 4.2(a) operates as the state-law analogue to Fed. R. Civ. P. 4(e), which allows for service of an individual by largely the same methods.

[6]The Court further notes that, to the extent Dr. Bijjula, in his capacity as a prison physician, is a state employee, the attempted service also failed to comply with the requirements governing service on state officers and employees under Nev. R. Civ. P. 4.2(d).

4

with process, which does not constitute proper service under the Federal or Nevada Rules of Civil Procedure. (ECF Nos. 38, 61-1, 61-2.) Accordingly, because the Court finds service was not completed substantially in compliance with either the federal or state rules, it grants Defendant's motion to quash. (ECF No. 61.)

As previously noted, Murray filed his opposition and requested additional time to effectuate service if the Court found service to be defective. (ECF No. 63.) Accordingly, the Court agrees with the Magistrate Judge's alternative recommendation that, if the motion to quash is granted, good cause exists to extend the deadline for Murray to complete service of process on Dr. Bijjula and dismissal should be denied.[7] (ECF No. 70 at 6-7.)

## IV.    Conclusion

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the case before the Court.

It is therefore ordered that Dr. Bijjula's Objection (ECF No. 73) to Judge Denney's Report and Recommendation (ECF No. 70) is granted in part and rejected in part.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 70) is accepted and adopted in part and rejected in part.

It is further ordered that the motion to dismiss (ECF No. 61) is denied and the alterative motion to quash is granted.

It is further ordered that Plaintiff is provided with an extension of 45 days from the date of this Order to complete service of process on Defendant Dr. Bijjula.

It is further ordered that the Clerk of Court re-issue a summons for Dr. Ragneel Bijjula, M.D. and send the same to the U.S. Marshal with the address for Dr. Bijjula

---

[7]Under Fed. R. Civ P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . ."

provided under seal. (ECF No. 34.) The Clerk is also directed to send sufficient copies of the Complaint (ECF No. 5), the screening order (ECF No. 6), and this Order to the U.S. Marshal for service on Dr. Bijjula. The Court will separately provide to the U.S. Marshal completed USM 285 forms for Dr. Bijjula with the address provided under seal.

DATED THIS 12th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE