**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVE MURRAY,

Plaintiff

v.

KEN WILLIAMS, et al.,

Defendants

Case No.: 3:25-cv-00123-MMD-CSD

**Order**

Re: ECF Nos. 89, 122

Before the court is Plaintiff's motion to compel (ECF No. 89) and motion requesting that this matter be heard at the hearing on his motion for injunctive relief (ECF No. 122).

## I. BACKGROUND

Plaintiff has filed a motion to compel responses to discovery served on Defendants, including requests for admissions served on Williams, Rambur, and Day, interrogatories served on Williams, Voss, Rambur, Day, and Dodd, and requests for production served on all Defendants, in March and April 2026. (ECF No. 89.) Plaintiff represents that he conferred with prior counsel Demers, who said she needed more time, and then current counsel for Defendants, Victoria Corey, who said she would be filing a motion for extension of time to complete discovery. When Plaintiff filed his motion on June 9, 2026, he had not received any responses to discovery. He requests an order compelling Defendants to respond to the discovery.

On June 18, 2026, Defendants sought an extension of the discovery and dispositive motions deadline (ECF No. 92), which was granted (ECF No. 93). Defendants were also given two extensions of time to respond to Plaintiff's motion to compel. (ECF No. 96, 100.)

Defendants filed their response to the motion to compel on July 15, 2026, where Ms. Corey represents she had a meet and confer conference with Plaintiff on May 3, 2026, and it was acknowledged that discovery had not been responded to under prior counsel, but that Plaintiff would receive responses by June 30, 2026. Plaintiff then filed the motion to compel before that deadline. In any event, counsel then realized (after receiving Plaintiff's motion to compel), that the discovery materials had not been provided to Plaintiff, but Ms. Corey represented Defendants would hand-deliver the documents to Plaintiff by July 20, 2026. (ECF No. 103.)

Plaintiff filed his reply on July 22, 2025, maintaining that his call with Ms. Corey was on May 13, 2026, but Plaintiff had still not received the discovery responses, and he sent a letter to Ms. Corey on July 11, 2026, stating the matters in the requests for admission were deemed admitted. As such, he requests the matters in the requests for admission be deemed admitted and that Defendants be compelled to provide responses to the interrogatories and requests for production. (ECF No. 107.)

The court ordered Defendants to provide a status update concerning the discovery responses that are the subject of Plaintiff's motion by August 24, 2026. (ECF No. 120.)

Plaintiff then filed a notice and motion requesting that this motion be discussed at the hearing on his motion for injunctive relief. (ECF Nos. 121, 122.)

Defendants filed a status update stating that Plaintiff received the outstanding discovery responses on August 24, 2026. (ECF No. 123.) This is also confirmed in their filing at ECF Nos. 124, 124-1.

Plaintiff confirms that he received Defendants' discovery responses on August 24, 2026, except for Voss' response to interrogatories. He does take issue with some of the responses to the request for production. (ECF No. 125.)

## II. DISCUSSION

Plaintiff's motion is denied with respect to the interrogatories (except as to Voss, which have apparently not been provided) and the requests for production of documents as Defendants have provided responses and to the extent Plaintiff perceives any deficiencies with those responses he must meet and confer with defense counsel. In fact, defense counsel is ordered to meet and confer with Plaintiff to attempt to resolve any dispute with those responses within 30 days of the date of this Order.

Under Federal Rule of Civil Procedure 36, the matters in the requests for admission are deemed admitted as a result of the untimely responses. Therefore, Plaintiff's motion is granted with respect to the requests for admission.

Finally, Plaintiff's motion is granted as to the interrogatories to Voss for which no responses have been provided. Voss shall provide responses to Plaintiff to the interrogatories within 30 days of the date of this order.

Plaintiff's motion requesting that this be discussed at the hearing on his motion for injunctive relief is denied as moot.

## III. CONCLUSION

Plaintiff's motion to compel (ECF No. 89) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The motion is **DENIED** insofar as Plaintiff seeks to compel responses to interrogatories and requests for production (except the interrogatories to Voss) as responses have now been provided. The parties are ordered to meet and confer to attempt to resolve any disputes with respect to the responses that have been served within **30 days** of the date of this Order.

(2) Plaintiff's motion is **GRANTED** with respect to the requests for admission insofar as the matters in those requests are deemed admitted as a result of the untimely responses.

(3) Plaintiff's motion is **GRANTED** with respect to the interrogatories served on Voss. Voss shall provide responses to the interrogatories within **30 days** of the date of this Order.

Plaintiff's motion requesting that this motion be discussed at the hearing on his motion for injunctive relief (ECF No. 122) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 17, 2026

Craig S. Denney
United States Magistrate Judge