UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVE MURRAY,<br>Plaintiff,<br>v.<br>KENNETH WILLIAMS, *et al.*,<br>Defendants. | Case No.: 3:25-cv-00123-MMD-CSD<br>ORDER |

*Pro se* Plaintiff Steve Murray, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"), filed a civil rights complaint under 42 U.S.C. § 1983 against Dr. Benson, Dr. Voss, Dr. Bijjula, Dr. Williams, Director of Nursing ("DON") Lucas, DON Isaacson, Brendal, John Doe 1 (when his or her identity is learned), Medekith, Kris, and John Doe 2 (when his or her identity is learned) for prison officials' failure to implement procedures to regulate and treat Murray's blood cancer. (ECF Nos. 1, 1-1, 6.) The Court allowed him to proceed on Eighth Amendment deliberate indifference to serious medical needs claims. (ECF No. 5 ("Screening Order").) Murray subsequently filed a motion for temporary restraining order ("TRO") and/or preliminary injunction ("PI") asserting inadequate treatment by prison medical personnel for his blood cancer and seeking an order that he be scheduled for an appointment with an oncologist and permitted to undergo regular phlebotomies until his cancer returns to remission. (ECF Nos. 10, 11; *see also* ECF No. 28 at 3.) The Court denied Murray's motions for TRO and PI because he has been receiving regular treatment from his oncologist, Dr. Bijjula. (ECF No. 30.)

Murray then filed a document entitled "judicial notice" (ECF No. 40), which the Court construed as a request for injunctive relief, requesting the Court order NDOC medical personnel to comply with his oncologist's orders—specifically, that Murray be

administered Hydroxyurea, a chemotherapy medication, and Boost protein shakes, a ready-to-drink nutritional beverage, to regulate his blood levels. The Court denied Murray's request because there was insufficient evidence to support his claim that NDOC medical staff were failing to comply with his oncologist's orders. (ECF No. 48.)

Murray subsequently filed a second motion for a preliminary injunction (ECF No. 75) and a temporary restraining order (ECF No. 76).[1] Murray requests that the Court order that (1) he be scheduled to be seen by a qualified physician/oncologist immediately; (2) Defendants perform weekly phlebotomies as ordered to determine Murray's platelet count; (3) Murray be provided with a Boost or Ensure or an equivalent nutritional supplement; (4) Murray be prescribed Baclofen or an equivalent medication for his pain; and (5) Murray be scheduled to see a physician to determine a diagnosis and provide treatment of an enlarged growth/tumor in his lower right abdomen.[2] Now, before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 127), recommending the Court grant in part and deny in part Murray's motion. (ECF No. 127 at 1, 15-16.) To date, no objections to the R&R have been filed. Because there is no objection, and as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends the Court deny as moot Murray's request to see an oncologist because he saw a new oncologist on July 23, 2026. (ECF No. 127 at 8.) Judge Denney also recommends the

---

[1]The Motion for a Preliminary Injunction (ECF No. 75) and the Motion for a Temporary Restraining Order (ECF No. 76) are identical documents but are filed separately on the docket. The Court accordingly construes them as a single Motion.

[2]Defendants filed a response. (ECF Nos. 79, 81-1 to 81-6, 83, 85-1 to 85-6.) Murray filed a reply. (ECF No. 88.)

Court deny Murray's request for additional pain treatment because he has not demonstrated a likelihood of success on the merits of this claim.[3] (*Id*. at 12-14.) And Judge Denney recommends that the Court deny Murray's request for injunctive relief related to the growth in his right lower abdomen because he is not proceeding in this action with a claim related to this growth and has not exhausted his administrative remedies as to this request. (*Id*. at 14-15.) But Judge Denney recommends granting Murray's request to have standing Complete Blood Count ("CBC") labs every two weeks. (*Id*. at 10.) There is evidence that NDOC's medical providers have not been following Murray's treating physician's orders with respect to blood draws for lab testing. (*Id*.) Accordingly, Murray has met the requirements for injunctive relief as to this request. Lastly, Judge Denney recommends granting Murray's request for Boost or an equivalent nutritional supplement because he has likewise met the requirements of a relief on this basis. (*Id*. at 10-12.) There is evidence that Murray has been prescribed Boost nutritional supplements and that failing to receive the supplement poses a risk to his health. (Id. at 11-12.) Having reviewed the R&R, Judge Denney did not clearly err.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 127) is accepted and adopted in full.

It is further ordered that Murray's Motion (ECF Nos. 75, 76) is granted in part and denied in part. Murray's Motion is granted insofar as Defendants are ordered to perform standing CBC labs every two weeks, in conformity with his treating oncologist's orders or until Murray's treating oncologist orders otherwise. Likewise, Murray's Motion is granted insofar as Defendants are ordered to provide Murray with Boost Immune Support, as ordered by Dr. Thomas, or to work with Dr. Thomas to find a satisfactory alternative to address the concerns regarding Plaintiff's immune support and nutritional

---

[3]A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for preliminary injunctive relief, a plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20.

supplementation. Murray's Motion is denied as to his requests that he be seen by an oncologist immediately, for Baclofen, and for treatment related to the growth in the lower right abdominal quadrant.

DATED THIS 6th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE